## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a limited liability Company, | ) ) |
| *Plaintiff*, | ) Case No. **2:24-CV-00910-SPC-NPM** |
| v. | ) ) |
| JOHN DOE infringer using IP address 73.107.181.65, an individual, | ) ) |
| Defendant(s). | ) ) |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO 12(B)(6)
### (and incorporated memorandum of law)

Defendant JOHN DOE moves for dismissal under 12(b)6 for failure to state a claim upon which relief can be granted.

### I.　　INTRODUCTION

1.　　This case was filed by Plaintiff along with thousands of other cases nationwide. Specifically, this Case was filed On September 27, 2024.

2.　　In its initial complaint (Doc.1) Plaintiff (as does the amended complaint) a single count against the Defendant for Copyright Infringement. See Doc.1 ¶¶ 46-52; see also Doc.21 66-71.

3.　　Plaintiff complaint(s) provides numerous allegations to bolster its own works and purported software that invades individuals computers with spyware in order to access their personal systems under the guise of copyright protection. Doc.21¶¶ 2-3, 13-16, 27-42.

4.　　The Amended Complaint then sets forth a set of circumstantial evidence which neither lends itself to factual allegations that support its cause of action nor provides anything of substance to the complaint other than attempts to build an imaginary bridge from one thought to another.

5. In fact, the allegations do not lend themselves to direct allegations against the Defendant but rather a suggestive undertone designed to make an inference designed to create speculation that Defendant infringed their works. Specifically, "Plaintiff's Additional Evidence indicates that IP address 73.107.181.65 was used to download and distribute at least 5,595 files relating to other adult movies and mainstream media (i.e., movies, music, books, software, TV shows, and other works) using the BitTorrent protocol during the period of infringement." Doc. 21 ¶ 59.

6. To further attempt to bolster their claim and give the appearance of more than speculation, Plaintiff alleges "Publicly available records indicate **strong matches** between the BitTorrent activity identified in Plaintiff's Additional Evidence and Defendant." (**emphasis added**).

7. Plaintiff's Amended Complaint then attempts to allege that Defendant's social media indicates that Defendant is a fan of Star Wars, Minions, Greys Anatomy, and Halloween in an effort to create this bridge between speculation and allegation.

8. However, this "strong match( )" is merely the Plaintiff linking 0.45% (less than 1%) of the downloads to the Defendant's social media likes.

9. Plaintiff's allegations continue on the speculation spectrum by alleging:

   a. The address identified in paragraph 12 is a single-family home. Doc.21¶ 53.

   b. Upon information and belief, defendant is the only adult male occupant of the residence identified in paragraph 12 above during the period of infringement. Doc.21¶ 56.

10. For the reasons set forth in below, The Defendant requests that this Court dismiss the First Amended Complaint.

## DEFENDANT MOVES FOR DISMISSAL OF COUNT I

11. Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).

12. The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,' " the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

13. *[A]* court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 U.S. at 679.

### A.   SPECULATION

14.   [A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

15.   Here, the allegations raised are merely speculative.  Allegations like Defendant being the only male in the household and that he lives at the address where the IP address is assigned to does nothing more than pontificate a *res ipsa loquitor* type of theory of liability.

16.   Even if Plaintiff's invasive software is capable of accessing TCP/IP connections, there is no possibility to link the TCP/IP connection and IP Address to any specific MAC address belonging to Defendant.

17.   Therefore, all of the circumstantial evidence provided merely demonstrates a sheer possibility while there are other equally weak possibilities- like the Defendant's wife or neighbors may like minions, star wars, and Halloween.

18.   Courts have analogously discussed speculative complaints in discrimination and employment cases.  For instance, in Hanley v. Wal-Mart Stores E., LP, No. 6:24-CV-319-WWB-LHP, 2025 WL 948375, at *2 (M.D. Fla. Mar. 28, 2025), the Court looked at the Discrimination complaint where a Plaintiff, alleged that he, as a white male was discriminated against by a Hispanic manager where the manager treated all Hispanic employees differently than non-Hispanic employees. In Hanley, the court citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)  discussed the holding that the plaintiffs' claims merely alleging

they were "denied promotions and treated differently" than others similarly situated because of race "epitomizes speculation"

19.     Here, linking the Defendant as male household member to the "infringer" of downloaded adult films is nothing more than speculation.

## CONCLUSION

Accordingly, the Defendants contend that the Complaint does not state a plausible claim against the Defendant and should be dismissed.

/s/  Alan F. Hamisch (88647)
The Law Office of Alan F Hamisch
501 Goodlette Frank Rd, A210
Naples, FL 34102
239-216-4783
alan@NaplesLitigation.com

## GOOD FAITH CERTIFICATION

**I HEREBY Certify that on April 12, 2025 I conferred with counsel for the Plaintiff by Electronic Mail regarding this instant motion and Plaintiff opposes this Motion and the relief sought.**

/s/  Alan F. Hamisch
Alan F. Hamisch
Florida Bar No. 88647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2025 I electronically filed the foregoing document with the Clerk of Court using CM/ECF and further certify that the foregoing document is being served on all counsel via electronic transmission through the CM/ECF filing system.

/s/  Alan F. Hamisch
Alan F. Hamisch
Florida Bar No. 88647