UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:24-cv-00910-SPC-NPM

STRIKE 3 HOLDINGS, LLC, a limited liability company,

    Plaintiff,

v.

JOHN JOSEPH REPASH, JR.,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(6)

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") respectfully submits the following Response to Defendant's Motion to Dismiss Pursuant to 12(b)(6) ("Motion") and states as follows:

**I.**    **INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") alleges sufficient facts to state a plausible claim for copyright infringement and specific facts connecting Defendant to that infringement. Defendant does not deny Plaintiff's allegations. Instead Defendant argues that Plaintiff's allegations are circumstantial and speculative. Defendant attempts to demonstrate this by offering (admittedly, "weak") alternative possibilities.

In its FAC, Plaintiff alleges that Defendant, is a resident of the address assigned IP address 73.107.181.65 and likely the only adult male resident of that address. In addition,

1

Plaintiff's FAC alleges additional FACs tying Defendant to the infringement. These allegations lay out the factual bases and context that go beyond what is required by *Twombly* and *Iqbal*. Thus, Plaintiff has established that Defendant is plausibly the infringer and has stated a plausible claim upon which relief can be granted. Accordingly, Defendant's Motion must fail.

## II. FACTS

When Plaintiff filed its original Complaint on September 27, 2024, it knew that someone using the IP address 73.107.181.65 infringed at least twenty-five of its copyrights, but it did not know who that individual was. DE 1. To bridge this gap, it filed its Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference shortly thereafter so that Plaintiff could learn the name and address of the subscriber to the IP address from Comcast Cable Communications, LLC ("Comcast"), which maintains the offending Internet account. DE 8. The Court found good cause supported Strike 3's application for early discovery, and issued an Order allowing it to serve a limited subpoena on Comcast for the subscriber's information. DE 9. In that Order, the Court acknowledged that the subscriber may not necessarily be the infringing party since multiple people may have access to IP address 73.107.181.65 and instituted "procedural protections" to account for this. *See id.* at 2–3.

Strike 3 served Comcast with its subpoena on about October 18, 2024. *See* DE 21, at ¶ 50. Plaintiff received the subscriber's name and address on July 5. *See id.* It then conducted another investigation into the subscriber's liability and resolved that the subscriber's spouse, Defendant, is likely the infringer and therefore the appropriate

2

defendant in this case. Strike 3 made this determination based on, *inter alia*, its "Additional Evidence" outlined in its FAC. Plaintiff does not just monitor infringement of Strike 3's motion pictures, but all BitTorrent activity emanating from a particular IP address. DE 12, at ¶ 58. This information, which includes titles of these third-party works, is recorded and stored as "Additional Evidence." *See id.*

In this case, there are multiple pieces of evidence that plausibly indicates that Defendant–the subscriber's spouse–is the infringer. First, Plaintiff's investigation revealed that Defendant likely is the only adult male resident at the address associated with IP address 73.107.181.65. *Id.* at ¶ 56. Second, Plaintiff also determined that the offending IP address downloaded many materials related to Star Wars, Minions, Grey's Anatomy, and Halloween. *See id.* at ¶¶ 63, 65. Plaintiff's investigation of Defendant's publicly social media shows that Defendant is a fan of Star Wars, Minions, Grey's Anatomy, and Halloween. *See id.* at ¶¶ 62, 64.

All this information, taken holistically, indicates that Defendant is the infringer. As such, Plaintiff amended its Complaint on January 27, 2025, discussing the Additional Evidence. DE 12. Now, almost two months later, Defendant has moved to dismiss Plaintiff's claim based on the information provided in its FAC. DE 22.

### III.   STANDARD

"A motion to dismiss tests the form and sufficiency of a complaint," *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383, 1387 (M.D. Fla. 1994) (citation omitted), by determining whether Defendant has presented "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (citation omitted). "In assessing the sufficiency of a claim, [the Court] accept[s] all well-pleaded allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017) (citing *Montgomery Cty. Comm'n v. Fed. Hous. Fin. Agency*, 776 F.3d 1247, 1254 (11th Cir. 2015)).

Thus, the standard is an inherently liberal one, such that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). "At this stage of the proceedings, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184, 125 S. Ct. 1497, 1510, 161 L. Ed. 2d 361 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**IV.   ARGUMENT**

This Court has already held that Plaintiff has "allege[d] a prima facie case of infringement." DE 9, at 2.  In fact, "district courts that have been presented with the same facts and circumstances presented here are nearly unanimous in concluding that such factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss." *Countryman Nevada, LLC v. Pitts*, No. 14-493-ORL-40, 2014 WL 7178077, at *2 (M.D.

Fla. Dec. 16, 2014) (collecting cases) (denying motion to dismiss). Indeed, Defendant does not contest these *prima facie* element –Plaintiff's ownership of the copyrights and copying, *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)–but instead, challenges that Plaintiff's allegations tying Defendant to the infringement are "merely speculative." DE 25, at ¶15. That is, the allegations "merely demonstrates a sheer possibility [of Defendant's liability] while there are other equally weak possibilities," that may explain away these connections.[1] *See id.* at ¶17. This argument commits two major errors.

First, it conflates plausibility with probably, a misapplication of the standard foreclosed by the Supreme Court. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'") (quoting *Twombly*, 550 U.S. at 556). Plaintiff need only plead facts that "nudge[] [its]

---

[1] Plaintiff's FAC is clearly distinguishable from the "speculative" nature of those cited by Defendant. In *Hanley v. Wal-Mart Stores E., LP*, No. 24-319, 2025 WL 948375 at *2 (M.D. Fla. Mar. 28, 2025), the subject complaint merely made a conclusory statement that plaintiff's manager "treated all non-Hispanic employees differently from Hispanic employees." Importantly, the court points out that the complaint did "not allege a specific instance [plaintiff's manager] engaged in discriminatory conduct, does not identify how [d]efendant should have reasonably noticed this conduct, and does not allege how the treatment differed between Hispanic and non-Hispanic employees." *Id*. Plaintiff's FAC not only points out specific instances that Defendant infringed upon its works but also provides specific Additional Evidence to support its allegations, far exceeding the plausibility standard required. Indeed, connecting Defendant's interests to other BitTorrent activity makes a plausible case that the same person downloading other material over the BitTorrent network is the same person who infringed Plaintiff's copyrights.

claim[] across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, 127, and need not plead beyond that. *See Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *4 (D.N.J. Sept. 30, 2019) ("Plaintiff's burden at the pleading stage is that of plausibility, not certainty.") (citation omitted).

"[B]y alleging that Plaintiff conducted an investigation and discovered that Defendant's publicly available social media profile . . . match[s] the types of third party works that Plaintiff's investigator detected being infringed, Plaintiff has sufficiently connected Defendant personally with evidence of BitTorrent use traced to the subject IP address and residence assigned that IP address, where Defendant lived." *See Malibu Media v. Rahusen*, No. 14-6976, 2015 WL 2231853, at *4 (D.N.J. May 11, 2015) (denying motion to dismiss).[2] Not only does Plaintiff allege that Defendant had access to the IP address, but additional downloads from that IP address indicate that Defendant used that Internet connection to download works from the BitTorrent network. This raises Defendant's connection to the infringement "above the speculative level," *Twombly*, 550 U.S. at 545, and thus makes a plausible claim against Defendant. *See Malibu Media, LLC v. Doe*, No. 14 -874-T-36AEP, 2014 WL 5599105, at *2 (M.D. Fla. Nov. 3, 2014) ("As many other

---

[2] *See*, *e.g.*, *see Malibu Media, LLC v. Doe*, No. 14-748, 2015 WL 857408, at *4 (D. Md. Feb. 26, 2015) ("That the Defendant's IP address was used to obtain 2,034 other third party files through BitTorrent over an 18-month period supports the reasonable inference that the Defendant—and not some other person using the Defendant's IP address—was the infringer."); *Malibu Media, LLC v. Doe*, No. 18-450, 2019 WL 8301066, at *2 (N.D. Ill. June 5, 2019) ("[T]he additional works may serve as circumstantial evidence that [Defendant], and not another individual accessing the IP address, downloaded [Plaintiff]'s copyrighted works."); *Strike 3 Holdings, LLC v. Doe*, No. 21-3702, DE 29 at *1 n.1 (E.D. Pa. Apr. 22, 2022) (denying motion to dismiss where plaintiff alleged "the types of third party works torrented from that IP address are works that Defendant is interested in according to his social media page").

6

courts, including this one, have held, under these circumstances, the connection between the alleged acts of infringement and the owner of the Internet account (identified by proxy through the IP address) is sufficient to support a claim for relief that is plausible.") (citation omitted).

Second, the Federal Rules do not require the pleadings to rule out every alternative counterfactual. The Motion hazards that "Defendant's wife or neighbors" may have also used his Internet to download third-party works. *See* DE 25, at ¶17. But nowhere does Defendant suggests that "the complaint offers [an] '*obvious* alternative explanation,'" *see Davis v. Miami-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *5 (11th Cir. Sept. 5, 2024) (citing *Iqbal*, 556 U.S. at 682 (quoting *Twombly*, 550 U.S. at 567) (emphasis added), that is "so obvious as to render Strike 3's claim against [Defendant] facially implausible." *Cf. Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1211 (D.C. Cir. 2020) (citation omitted) (observing that, like Defendant, "[i]t is undoubtedly true that individuals other than the IP address subscriber may have been responsible for the infringement at issue").

"Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (emphasis original). "Requiring a plaintiff to rule out every possible lawful explanation for the conduct [it] challenges would invert the principle that the 'complaint is construed most favorably to the nonmoving party,' . . . and would impose the sort of 'probability requirement' at the pleading stage which *Iqbal* and *Twombly* explicitly reject." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009) (citations omitted). Plaintiff does not have to plead away possible infringement by

7

Defendant's spouse or neighbors; such issues are the providence of discovery, not the pleadings. What matters for the purposes of a Rule 12(b)(6) challenge is that the claims against Defendant are plausible regardless of what legal or factual defenses Defendant may raise during the litigation. Accordingly, Plaintiff's FAC not only adequately states a claim for relief for copyright infringement, it sets out sufficient allegations connecting Defendant to the infringement.

## IV. CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests this Court deny Defendant's Motion to Dismiss Pursuant to 12(b)(6).

Dated: April 28, 2025

                                                Respectfully submitted,

                                                By: */s/ Christian W. Waugh*
Christian W. Waugh [FBN 71093]
**WAUGH PLLC**
201 E. Pine Street, Suite 315
Orlando, FL 32801
Email: cwaugh@waugh.legal
Email: rwood@waugh.legal
Telephone: 321-800-6008
Fax: 844-206-0245

*Lead Counsel for Plaintiff*