UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v().                                                Case No.:  2:24-cv-910-SPC-NPM

JOHN JOSEPH REPASH, JR.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant John Joseph Repash, Jr.'s Motion to Dismiss (Doc. 25) and Plaintiff Strike 3 Holdings, LLC's Response (Doc. 28). For the below reasons, the Court denies the motion.

This is a copyright infringement case.[1] Plaintiff alleges that "Defendant downloaded, copied, and distributed Plaintiff's [copyrighted adult films] without authorization." (Doc. 21 ¶ 43). Plaintiff identified Defendant through various steps. It served a subpoena on Comcast Cable Communications, LLC, to determine the identity of the subscriber assigned to the IP address used to download and share the films. (*Id.* ¶ 5). Comcast then identified Defendant's spouse as the subscriber. (*Id.* ¶ 52). Plaintiff determined that Defendant and

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

his spouse live in a single-family home and that Defendant is the only adult male living at the home. (*Id.* ¶ 53–57). It also determined that the IP address was used to download at least 5,595 other files. (*Id.* ¶ 59). Many of these files concerned subject matter that matched Defendant's interests, as posted on his public social media accounts. (*Id.* ¶¶ 61–65). The IP address was used to download files related to Star Wars, Minions, Grey's Anatomy, and Halloween. (*Id.* ¶¶ 62, 64). Sure enough, Defendant's social media shows he is a fan of Star Wars, Minions, Grey's Anatomy, and Halloween. (*Id.* ¶¶ 63, 65).

Defendant moves to dismiss, arguing that Plaintiff merely speculates that he is the infringing party. (Doc. 25). According to him, his "wife or neighbors may like minions, star wars, and Halloween." (*Id.* at 4). This argument fails.

Plaintiff directly alleges that Defendant is the infringer. It alleges, without qualification:

> Defendant is stealing these works on a grand scale. Using the BitTorrent protocol, Defendant is committing rampant copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others. Defendant did not infringe just one or two of Strike 3's motion pictures: Defendant has been caught by Strike 3 infringing 25 movies over an extended period of time.

(Doc. 21 ¶ 4). So, even if Plaintiff employs a "possibly unreliable method of identification," its explicit identification of Defendant "raises the identity of the infringer above a speculative level[.]" *Countryman Nevada, LLC v. Pitts*, No.

6:14-CV-493-ORL-40, 2014 WL 7178077, at *3 (M.D. Fla. Dec. 16, 2014). Moreover, Courts have considered similar complaints describing similar methodology and found them to be plausibly pled, not speculative. *See, e.g.*, *Malibu Media, LLC v. Doe 24.0.91.59*, No. CV 16-1739, 2017 WL 1050573, at *2 (D.N.J. Mar. 20, 2017) ("The possibility that a family member, guest, or neighbor may have downloaded the Works does not render Plaintiff's claims implausible."); *Media v. Rahuse*, No. 14-6976 JLL JAD, 2015 WL 2231853, at *4 (D.N.J. May 11, 2015) ("Further, by alleging that Plaintiff conducted an investigation and discovered that Defendant's publicly available social media profile contains images that match the types of third party works that Plaintiff's investigator detected being infringed, Plaintiff has sufficiently connected Defendant personally with evidence of BitTorrent use traced to the subject IP address and residence assigned that IP address, where Defendant lived.").

"It is certainly possible" that Defendant is "a completely innocent person who is not the downloader." *Countryman Nevada, LLC*, 2014 WL 7178077, at *3. But Plaintiff has plausibly alleged that he engaged in copyright infringement. So "[i]t is for the parties to flesh out through discovery whether these allegations hold weight." *Id.*

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 25) is **DENIED.**

2. **On or before May 27, 2025**, Defendant must answer the first amended complaint.

   **DONE** and **ORDERED** in Fort Myers, Florida on May 13, 2025.

   SHERI POLSTER CHAPPELL
   UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record